IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,

v.

DODGE CORRECTIONAL INSTITUTION,
WARDEN JASON BENZEL, and
C.O. MIKKELSON,

                Defendants.

OPINION and ORDER

21-cv-50-jdp

---

    Pro se plaintiff Michael D. Terrell filed this civil action under 42 U.S.C. § 1983, alleging that Correctional Officer Mikkelson violated his constitutional rights by belittling him and calling him a racial slur. Terrell's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Terrell seeks monetary relief from a defendant who is immune from such relief. Because Terrell's complaint does not support a federal claim for relief against defendants, I will dismiss this case.

ALLEGATIONS OF FACT

    Terrell alleges the following facts, which I will accept as true for purposes of screening the complaint.

    Plaintiff Michael Terrell was incarcerated at Dodge Correctional Institution during December 2020. On December 18, 2020, defendant Correctional Officer Mikkelson approached Terrell in the dayroom and asked, "What do they call you? Half-fro man?"

Mikkelson was referring to an area on Terrell's head where hair does not grow due to a gunshot wound and a steel plate.

A few days later, on December 24, 2020, defendant Mikkelson was conducting the evening count on Terrell's unit. Inmates were supposed to stand during the count, but Terrell was seated because he has only one leg and uses a wheelchair. When Mikkelson came to Terrell's cell, he asked, "What's wrong? The nigger's leg broken?" Terrell's cellmate responded that Terrell has only one leg. Mikkelson then asked whether Terrell needed medication, a doctor, or mental health help. Terrell and his cellmate both said, "No." Mikkelson then stated, "If he's ok then that's all I need to worry about."

## ANALYSIS

Terrell contends that defendant Mikkelson violated his constitutional rights by belittling him because of his disabilities and his race.

A prison official's verbal harassment and insults can rise to the level of a constitutional violation in some circumstances. *Lisle v. Welborn*, 933 F.3d 705, 717–18 (7th Cir. 2019). For example, verbal harassment that increases the risk of physical harm or causes severe psychological harm can violate the Eighth Amendment. *See Beal v. Foster*, 803 F.3d 356, 357–59 (7th Cir. 2015) (reversing dismissal of Eighth Amendment claim where inmate alleged that officer's actions and comments in front of other inmates implied that inmate was homosexual, which increased his risk of sexual assaults by other inmates and caused him severe psychological harm). In addition, a prison official's verbal harassment of an individual with known psychological vulnerabilities can violate the constitution. *See Lisle*, 933 F.3d at 718 (reversing summary judgment for nurse because her alleged statements "taunt[ing] and encourag[ing] an

inmate known to be suicidal and in the midst of a mental health crisis to take his own life" went beyond "simple verbal harassment"); *Hughes v. Scott*, 816 F.3d 955, 956–57 (7th Cir. 2016) (reversing dismissal of claim by civilly committed sex offender because prison staff's comments that offender was "ignorant," "stupid," and a "moron" and "his life would go better if he stopped filing grievances about his treatment" went beyond simple verbal harassment due to inmate's psychological vulnerability).

But "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal*, 803 F.3d at 358. The constitution does not require prison staff to have "genteel language" or good manners. *Lisle*, 933 F.3d at 719. In this instance, Mikkelson's alleged use of a racial slur and his comment about Terrell's hair were deplorable and unprofessional. But Terrell's allegations do not suggest that Mikkelson's comments increased a risk of physical harm to Terrell, that Mikkelson was attempting to exploit Terrell's vulnerability to cause psychological pain, or that Terrell suffered severe psychological pain as a result of the comments. Accordingly, Terrell's allegations to not suggest that Mikkelson's comments rise to the level of a constitutional violation. Therefore, Terrell may not proceed with any constitutional claim against Mikkelson or any other defendant.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael D. Terrell's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

2. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered April 20, 2021.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge